The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion regarding school board runoff elections and the time within which they are to be held. Specifically, you reference Section 3 of Act 966 of 1993, which is amendatory to the general election statutes, and provides the following:
 Notwithstanding any other law to the contrary all runoff elections after the effective date of this act shall occur three (3) weeks after the election which necessitates the runoff election. [Emphasis added.]
You also note Act 294 of 1993, which provides for the amendment of several sections of the education statutes, as located in Title 6 of the Arkansas Code. Section 8(c) of Act 294 of 1993 amends A.C.A. § 6-14-121(a) (Cum. Supp. 1991) to provide that school board runoff elections are required in any election, rather than in any general election as was the case before the amendment, when there are more than two candidates and no candidate receives a majority of the vote. Section 8(c) of Act 294 of 1993 did not, however, amend the requirement in A.C.A. §6-14-121 that school board runoff elections are to be held two(2) weeks following the election which necessitates the runoff. [Emphasis added.]
With regard to Acts 966 and 294 of 1993, you pose the following question:
 In the case of school runoff elections, do the specific requirements of Act 294 of 1993 control, or should the broad, general requirements of Act 966 of 1993 be applied?
In response to your question, it is my opinion that the provisions at issue in Acts 294 and 966 of 1993 are, in all likelihood, not yet effective or subject to enforcement. InJeffers v. Clinton, 740 F.Supp. 585 (E.D. Ark. 1990), the district court ordered that the State of Arkansas preclear, pursuant to Section 3(c) of the Voting Rights Act of 1965, "any further statutes, ordinances, regulations, practices, or standards imposing or relating to a majority-vote requirement in general elections in this State." Id. at 601. It is my opinion that the provisions at issue in Acts 294 and 966 in all likelihood fall within the scope of the district court's preclearance order in Jeffers since they relate to runoff elections. To my knowledge, such preclearance from the United States Justice Department has not yet been sought or received. Accordingly, it would be premature to determine which act, if either, governs the time within which school elections are required to be held.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh